## In re PENN AMERICAN GAS COAL CO.

(District Court, W. D. Pennsylvania, May, 1924.)

No. 10849.

Bankruptcy ⬅➡76(1)—Corporation held not to have a claim provable in bankruptcy against another corporation.

A corporation entered into a contract whereby, as agent of another corporation, it agreed to construct a coal-mining plant on land of the latter, advancing in its reasonable discretion such sums as were necessary, and to operate the plant until its advances were repaid from the net profits. Subsequently, after making considerable advances, it abandoned the contract, turned the property back, and successfully defended a suit for specific performance, on the ground that the abandonment was within the discretion given it. Later it filed a voluntary petition in bankruptcy. Held, that it had no claim for the advances made provable in bankruptcy against the second corporation, which qualified it, or its trustee as a petitioning creditor, nor could its trustee qualify as such creditor by offering to perform the contract which it had expressly abandoned, and which, as matter of fact, its trustee had no power to perform.

In Bankruptcy. In the matter of the Penn American Gas Coal Company, alleged bankrupt. Involuntary petition dismissed.

George J. Shaffer and W. F. & R. B. Petty, Jr., all of Pittsburgh, Pa., for petitioning creditors.

George R. Wallace, of Pittsburgh, Pa., for alleged bankrupt.

SCHOONMAKER, District Judge. This is an involuntary petition in bankruptcy

filed originally by C. H. Stolzenbach, trustee in bankruptcy of the West Penn Fuel Company, Inc., a Pennsylvania corporation, as sole petitioner. Later, two other petitioning creditors are joined as petitioning creditors. On motion of alleged bankrupt to dismiss by reason of the pendency of another involuntary petition in bankruptcy against the Penn American Gas Coal Company, and for other reasons, this court dismissed the petition in bankruptcy in the instant case. On appeal, we were reversed.

Whereupon the alleged bankrupt answered, denying that the petitioning creditors were in fact creditors with provable claims, or that any act of bankruptcy had been committed. The case was heard on petition, answer, and proofs.

C. H. Stolzenbach, as trustee in bankruptcy of the West Penn Fuel Company, Inc., claimed as a provable claim under the Bankruptcy Act (Comp. St. §§ 9585–9656) a loss of $121,499.59, sustained in equipping, developing, and operating the Penn American Gas Coal Company's coal mine under the terms of a contract between the parties dated June 15, 1920, whereby the Penn American Gas Coal Company constituted the West Penn Fuel Company, Inc., as its agent, with full power to complete and operate the plant and coal mine of the Penn American Gas Coal Company, upon the agreement that the West Penn Company advance at its reasonable discretion such sums of money as may be necessary for the completion of said plant, as well as working capital for the necessary operation thereof, and also such sums as may be necessary to maintain the corporate organization of the Penn American Company, to meet maturing payments of purchase money for coal lands and rights of way theretofore purchased or then held by the Penn American Company under agreement of purchase or lease, to pay bills already incurred by the Penn American Company in said operation shown in list attached to said agreement, and to pay the salaries set forth in said agreement.

These advances were to be repaid to the West Penn Company out of the net earning of the coal mine, and the same were to be carried until they were paid off by operations under the contract. The agency created by the contract was irrevocable until such advances or other indebtedness of the Penn American Company to the West Penn Company were fully liquidated, when the agency was to cease and the property was to be restored to the Penn American Company.

We find that the West Penn Company

did in fact advance the $121,499.59 claimed in the petition, but we also find that thereafter, and before the repayment of these advances from the operation of the mine, the West Penn Company abandoned the contract and declined to go any further under the contract, and shut the mine down on or about February 1, 1921. Thereafter, and on May 2, 1921, the Penn American Company filed a bill in equity in the court of common pleas of Allegheny county, Penn., against the West Penn Company for specific performance of the above-stated contract, to which the West Penn Company answered, averring that, owing to a permanent slump in the coal market, it had exercised its discretion, as specifically provided in the contract, not to advance any more moneys, and had turned the property over to the Penn American Company to finance the company.

The court of common pleas entered a decree dismissing the bill for specific performance on the finding as a fact that the West Penn Company had dropped the contract under its discretion and could not therefore be made specifically to perform.

While this suit in equity was pending in the court of common pleas of Allegheny county, and on the 13th day of August, 1921, the West Penn Company and others filed an involuntary petition in bankruptcy in this court against the Penn American Company at No. 9956 in bankruptcy. The same issue as presented in the instant case was before the court in the case at No. 9956 in bankruptcy, and it was there decided that the West Penn Company did not have a provable claim in bankruptcy against the Penn American Company for advances under the contract of June 15, 1920; the court holding that it was intended by the contract with the West Penn Company that that company should repay itself out of the operations for all advances which it made in its reasonable discretion, and that it was specifically provided that it should carry those operations until they had been repaid, and that, not having done so, they could not drop the operations, cease to operate, and saddle the corporation, the Penn American Company, with a large liability which was never contemplated by the parties to the contract should be imposed upon it. And therefore a judgment was entered in favor of the respondent, and that judgment was affirmed by the Circuit Court of Appeals. G. B. McABee Powder & Oil Co. v. Penn-American Gas Coal Co., 295 F. 630.

In the meantime, by voluntary petition filed in this court, the West Penn Company was adjudged a bankrupt on August 13, 1921, and in the instant case the petition in bankruptcy is filed by its trustee.

In the instant case the trustee in bankruptcy of the West Penn Company undertakes to nullify the effect of the judgment in bankruptcy case at No. 9956 by alleging certain new facts occurring after the date of the filing of the petition in the case at No. 9956; i. e., that on or about October, 1922, due to the advance in the market price of coal, the trustee in bankruptcy of the West Penn Fuel Company made preparation for and was ready, able, and willing to operate the mine and market the coal, but was prevented by the Penn American Company, which, on October 18, 1922, entered into a lease with John B. Shrader for the operation of said mine, under which Shrader took immediate possession, and at the same time the Penn American Company executed a mortgage on the premises in question, in the sum of $75,000, to the South Side Trust Company, as trustee, which mortgage was set out as an alleged preferential transfer, in that it was given to secure payment to certain creditors of the Penn American Company of their claims.

Between February, 1921, and October, 1922, neither the West Penn Fuel Company nor its trustee in bankruptcy had done anything to affirm any claim of right of operation under the contract of June 15, 1920. The only thing then done by the trustee was to negotiate with coal men relative to leasing or operating the mine in question. There was no evidence of any notice or demand on the part of the trustee of any right to possess or operate the mine. He excuses this failure in this regard by saying that the property was in the hands of receivers appointed by the court of common pleas of Allegheny county until October 16, 1922, when a decree was entered in the court of common pleas dismissing the bill for specific performance on the claim of the West Penn Company of abandonment of the contract. After a decree is entered in his favor on the abandonment claim in his answer, he seeks to shift his position and place himself in a position of readiness to perform. We are of the opinion that he cannot play fast and loose with this contract of June 15, 1920. If the West Penn Company had the discretion to abandon the contract, and did abandon it, why the contract is at an end, and cannot be revived at the pleasure of the trustee in bankruptcy of the West Penn Fuel Company. We do not believe that the West Penn Fuel Company was under any disability under the receivership in this case.

Here we have a situation where the West Penn Fuel Company, the operating company, in the month of January, 1921, owing to it what it termed a permanent slump in the coal market, abandoned its contract and turned the property back to the Penn American Company to finance as best it could. The Penn American Company was not satisfied, and on May 2, 1921, proceeded in the court of common pleas, in equity, in which suit a receiver was appointed. The West Penn Company defended the suit, alleging that it had the right to abandon, and a decree was entered in its favor. There was nothing in the appointment of the receiver in that case which would have prevented the West Penn Company at any time from withdrawing the answer that it filed in the case setting up the abandonment and in lieu thereof tendering specific performance of the contract. Undoubtedly, had it done so, a decree would have been entered against it for specific performance and the receivership lifted. It will be noted that it was not until a decree in its favor had been entered in the court of common pleas in October, 1922, that it was not obliged to perform the contract that it asserts it was in a position of readiness to perform, but in the meantime it had put itself, as we view it, beyond the possibility of performing by filing a voluntary petition in bankruptcy in this court. If there was no abandonment before, there certainly was abandonment when the West Penn Company became a voluntary bankrupt and placed itself in a position to be liquidated and closed up. The trustee certainly was without authority or money to make advancements to operate this mine. It will be further noted in this connection that there has been at no time, either by the trustee or by the West Penn Fuel Company, any tender of performance under the contract. The evidence discloses that the only thing done in October, 1922, and following was that the trustee negotiated with other persons with respect to taking over a lease of the coal mine. Certainly the contract of June 15, 1920, gave to the West Penn Fuel Company no right to sublet its contract. It was solely an operating agent and not a leasing agent. The evidence has utterly failed, even if you were to hold that the abandonment was not effective to cancel the contract, to establish a situation where the West Penn Fuel Company, or its trustee in bankruptcy, were willing or able to perform. There is no showing that they had any money or assets that might properly be devoted to carrying out operations under the contract. There was no showing that the trustee in bankruptcy ever undertook, by consent of the court, to take over this contract of June 15, 1920, and operate under it. In fact, the trustee was resisting this specific performance of contract in the court of common pleas, and was in possession of the property of the West Penn Fuel Company at the time the decree was entered in that court in October, 1922. There is no merit in this claim of the West Penn Company. No new facts are disclosed which create a liability on the part of the Penn American different than that which existed when judgment was entered in its favor in the bankruptcy case at No. 9956. The judgment entered in that case on the same facts is conclusive in the instant case. The trustee has no provable claim against the alleged bankrupt and therefore no standing as a petitioning creditor. Two other small creditors with provable claims became parties to the record at the request of the trustee of the West Penn Fuel Company, but their claims are not sufficient to bring the case within the bankruptcy law.

This makes it unnecessary to discuss whether the execution of the mortgage to the South Side Trust Company as trustee, without allegation of any preferential payment of creditors, constituted a preference or not.

A decree may be entered dismissing the petition.